CHARLES O. LOBECK v. ELBERT T. DUKE.

FILED FEBRUARY 3, 1897. No. 7020.

1. **Guaranty:** SALE OF STOCK IN CORPORATION: TERMS: CONSTRUCTION. L. sold stock in a corporation to D., guarantying that it could be sold for $3,000 within one year, D. agreeing not to sell within a year without L.'s consent for less than $3,000, and that in case of sale without such consent D. should lose the difference between $3,000 and the amount of the sale, D. agreeing to use due diligence in procuring a larger price. The stock was not sold within a year and was thereafter sold for much less than $3,000. *Held,* (1) There having been evidence tending to show exchanges of property for other stock in the same corporation during the year, it was proper to instruct the jury that the agreement contemplated a sale for money, and that D. was not required to make any efforts to exchange it for other property; (2) whether or not D. had been negligent in failing to make a sale within the year was a question of fact, and it was, therefore, not erroneous to refuse to instruct the jury that a failure to make certain specified efforts constituted negligence; (3) that D. was not required by the terms of the contract to submit to L. for acceptance or rejection all offers received by D. during the year.

2. **Action on Guaranty:** RECOVERY BY PLAINTIFF. Evidence *held* to sustain the verdict, and instructions not to be conflicting or prejudicial to defendant.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J. *Affirmed.*

*James W. Carr,* for plaintiff in error.

*E. Wakeley* and *A. C. Wakeley, contra.*

IRVINE, C.

On the 5th of May, 1891, Lobeck, in exchange for a stock of hardware, transferred to Duke, as part of the consideration, stock in a corporation known as the Omaha Hardware Company, of the par value of $5,000. At the same time Lobeck executed to Duke the following instrument:

"For value received, I hereby guarantee that the shares of stock this day assigned to Elbert T. Duke, known and designated as numbers 78, 79, 80, 81, and 82 (ten shares each), inclusive, of the Omaha Hardware Company, can be sold at and for the sum of $3,000 within one year from the date hereof. The said E. T. Duke binding himself not to sell the same within said year without my consent, in writing, for less than $3,000, and in the event of such sale without such written consent he shall lose the difference between the amount of such sale and the said $3,000, and in the event of a failure to sell the same for at least $3,000 by the end of said year, I hereby agree to make good any difference arising from the sale thereof, the said Duke hereby agreeing to use due diligence in procuring a larger price for the same.

"Omaha, May 5, 1891.          C. O. LOBECK.

"Witness:

          "JAS. W. CARR."

Duke not having sold the stock within a year, proceeded, after the expiration of that time, to offer it at public auction, and thereby sold it for $750. He then

brought this action against Lobeck on the written guaranty for the difference between $3,000 and the amount realized on the sale of the stock. It is claimed that the sale was not *bona fide*, but under the instruction as to the measure of damages and the finding of the jury this issue becomes immaterial. Duke had judgment and Lobeck prosecutes error.

At the request of the plaintiff the court instructed the jury that "the agreement between the parties had reference to a sale of the stock for money, and Mr. Duke was not required to use due diligence or make any efforts to exchange the stock for property, and he would have no right to make any trade of that character without making some new arrangement with Lobeck." It is claimed that this instruction is erroneous, as conflicting with other instructions given, whereby the case was submitted to the jury on the theory that the plaintiff, in order to recover, was bound to prove that he had used due diligence within the year to effect a sale. For the purpose of ascertaining the value of the stock and the practicability of making a sale during the year, considerable testimony had been introduced as to actual transactions between other parties, and there was evidence tending to show that some stock had been transferred within the year at an agreed valuation sufficient to meet the terms of this guaranty, but that such transactions were in the way of exchanges for real estate and other property, and were not cash sales. It is a well known fact that in exchanging one species of property for another the parties to the exchange are not unlikely to place a valuation upon their respective holdings beyond their cash value, and beyond what the parties themselves consider to be their value. We think, therefore, this instruction, in view of the evidence, was a proper caution to the jury, and in nowise conflicted with the other instructions requiring due diligence to procure an actual sale.

The court also, at plaintiff's request, instructed that "due diligence in trying to dispose of the stock did not

require Duke to make efforts for that purpose beyond such as in the judgment of reasonable men of experience in such matters would have been adopted to that end." It is claimed that this instruction contradicts and renders nugatory an instruction given at the request of the defendant, to the effect that due diligence means that the plaintiff must be active in his endeavors to dispose of the stock, and must use all means at his command and which a reasonably prudent business man would use. We are unable to perceive the conflict. The two instructions together amount to this: that the plaintiff must be active in his endeavors and must use all means which a reasonably prudent business man would use, but is not required to make any effort which would not be made by a reasonable man of experience in such matters. If the court in the instruction complained of had said "reasonably prudent business man," instead of "reasonable man of experience in such matters," the instructions would be alike in their effect, one being positive and the other negative. The only qualification peculiar to the instruction complained of is its requiring such efforts to be made as would be made by a person experienced in such matters. This rather added strictness to the rule laid down, and thereby operated more favorably to the defendant than the instruction requested by him standing alone.

The court refused an instruction requested by the defendant to the effect that if the plaintiff failed to list his stock in the hands of those agencies which made it a business to deal for others in such matters, or to properly advertise the same in the usual mediums therefor, such failure would be negligence on his part. This instruction was properly refused. The court had correctly defined the rule of diligence and what that rule required, and whether or not the plaintiff had satisfied it were questions of fact under the circumstances of this particular case. They were not questions of law. Therefore the court properly refused to enter upon the domain of the jury.

The court also refused to instruct that it was the plaint-

iff's duty to submit any offers he might receive to the defendant for his approval. It is somewhat doubtful whether the evidence would permit a finding that any *bona fide* offer was made to the plaintiff during the year. But, however that may be, we do not think the contract placed any such burden on the plaintiff. It provided that if he sold at less than $3,000 during the year without defendant's consent he must bear the loss; but it did not require him to make any sale for less, nor did it give to the defendant any option to require any particular sale to be made. The stock was the plaintiff's, for sale according to his own judgment, with the sole restriction that the guaranty could not be enforced in case a sale was made without Lobeck's consent at less than $3,000 during the year.

Finally, it is claimed that the evidence does not sustain the verdict. It would be useless to review the evidence. We are satisfied that it was sufficient.

AFFIRMED.